FRANK E. CHRISTOPHER *v.* ERNEST K. JAMES, *Tax Commissioner*

(CC 628)

Submitted September 10, 1940. Decided December 10, 1940.

*Baker & Reeder,* for plaintiff.

*Clarence W. Meadows,* Attorney General, *W. Holt Wooddell,* Assistant Attorney General, and *John V. Sanders,* for defendant.

MAXWELL, JUDGE:

This certification from the Circuit Court of Monongalia County involves the sufficiency of a petition of Frank E. Christopher for release from a deficiency tax assessment laid by Ernest K. James, State Tax Commissioner, against the petitioner on account of his state income tax for the year 1937. The trial court being of opinion that the petition alleges sufficient grounds for the relief prayed, overruled the respondent's demurrer to the petition.

During the year 1937, the taxpayer was a partner in each of two coal mining partnerships, namely, New Byrne Coal Company and Christopher Mining Company. In making his return for 1937, the taxpayer deducted from his gross income his proportionate partnership share of the amounts paid that year by the two partnerships to the Federal Government on account of (1) old age benefits and unemployment compensation under the Social Security Act, and (2) the Bituminous Coal Act of 1937; and to the State of West Virginia on account of (1) unemployment insurance, and (2) gross sales tax. The aggregate of the items thus sought to be deducted is $14,-390.85. The tax commissioner held that the taxpayer was not entitled to deduction respecting any of these items, and notified the taxpayer of a deficiency assessment of $576.46 with interest from March 15, 1938. Thereupon, the taxpayer, in pursuance of the privilege accorded by Code, 11-13B-54, appealed to the circuit court by filing therein the petition herein above mentioned and now under appraisement on this review. The gravamen of the petition lies in the taxpayer's allegations therein that he is entitled to the deductions asserted, and that the tax commissioner erred in disallowing them.

Our applicable statute imposing an income tax allows certain deductions, among which are " (1) Ordinary and necessary expenses * * * if paid for or incurred during the tax year in carrying on a trade or business."; and " (3) Income taxes payable to the United States upon income earned in West Virginia; property taxes upon real

and personal property situated in this state * * * ." Code 1937, 11-13B-25, (1) and (3).

Frank Christopher, the petitioning taxpayer, alleges that the items of deduction which he claims as above set forth all come within the category of ordinary and necessary expenses in carrying on the business in which he is engaged, and consequently should be allowed under the statutory provision first quoted. The tax commissioner takes the position that the items of deduction thus asserted cannot be considered as business expenses, and that each of them is a tax not deductible under either of the above quoted sub-sections.

Under sub-section (3) only two kinds of taxes may be deducted, namely: federal income, and property taxes. The specific designation of these two operates to exclude all other taxes from deduction under that sub-section. Can it reasonably be held that the Legislature intended that other taxes must be deducted under the classification of necessary business expenses? This query must be answered in the light of the basic rule that deductions from income for taxation purposes are not matters of right, and may not arise through implication. Authorization must be specific. "Every deduction from gross income is allowed as a matter of legislative grace, and 'only as there is clear provision therefor can any particular deduction be allowed. * * * A taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms.'" White v. United States, 305 U. S. 281, 292, 59 S. Ct. 179, 184, 83 L. Ed. 172.

If any one of the four several items of deduction claimed by Christopher represents a mere charge in furtherance only of social legislation or of business regulation, probably the charge should be classified as an expense of doing business deductible as such under sub-section (1), supra. But if, in reality, it is a tax it must be dealt with solely on that basis. Consequently, we have here the pointed inquiry whether the liabilities imposed (1) on account of old age benefits and unemployment compensation under the Social Security Act, (2) under the Bitu-

minous Coal Act, (3) under State Unemployment Insurance, and (4) State Gross Sales Act, are or are not taxes.

The Social Security Act of August 14, 1935, imposes monetary exactions on employers of labor. 42 U. S. C. A., sec. 1004. In 1939 this section was amended in respect of rates. 26 U. S. C. A., sec. 1410. In both enactments the Congress has denominated these exactions as taxes. The Supreme Court of the United States has upheld these impositions on employers as excises within the constitutional power of the Congress. *Steward Machine Co.* v. *Davis, Collector,* 301 U. S. 548, 57 S. Ct. 883, 81 L. Ed. 1279, 109 A. L. R. 1293; *Helvering, Commissioner* v. *Davis,* 301 U. S. 619, 57 S. Ct. 904, 81 L. Ed. 1307, 109 A. L. R. 1319.

The West Virginia Unemployment Compensation Law was enacted in 1936. Code 1937, Chapter 21A. A manifest purpose of this act is to place the state's program of protection against unemployment in conformity with the federal social security program. In furtherance of this undertaking the act imposes this requirement on employers: "On and after January first, one thousand nine hundred thirty-six, an employer shall be liable for payments in respect to wages payable for employment occurring during each year in which he is subject to this chapter." Code 1937, 21A-5-4. The next section requires an employer to "make payments to the unemployment compensation fund" in proportion to wages paid to employees. While these requirements thus laid on employers are denominated "payments" they are obviously of the same nature as the charges imposed by the Social Security Act, wherein the payments are dealt with as taxes, and that designation, as shown above, has received the stamp of approval by the court of last resort of the nation. Since the federal act may with propriety be denominated the parent act, there would be grave incongruity in giving to the monetary exaction by the state law a different interpretation and effect from a similar provision of the federal law. The two cases last above cited, decided by the Supreme Court of the United States, make plain that charges such as are here considered are, and since colonial days have

been, within the taxing power of the separate common-wealths. So, we hold that the monetary burden placed on employers by the West Virginia Unemployment Compensation Law is an excise tax, within the constitutional power of the Legislature.

The Bituminous Coal Act of 1937 imposes "upon the sale or other disposal of bituminous coal produced within the United States when sold or otherwise disposed of by the producer thereof an excise tax of 1 cent per ton of two thousand pounds." 15 U. S. C. A., sec. 830. This Act, also, has received the approval of the Supreme Court of the United States. *Sunshine Anthracite Coal Co.* v. *Adkins, Collector,* 310 U. S. 381, 60 S. Ct. 907, 84 Law. Ed. 1263, decided May 20, 1940. Therein the charges placed on employers by the Act are dealt with and considered as taxes, as, in fact, they are denominated by the Act itself.

The so-called gross sales tax of this state, officially known as "Business and Occupation Tax", incorporated in Code 1937, Chapter 11, Article 13, is primarily and unqualifiedly a tax, the proceeds whereof enter into the general revenues of the state. It carries no regulatory features. Being clearly a tax for revenue, it must be appraised solely as such.

From the foregoing it appears that not one of the four items of claimed deduction represents a mere regulatory charge on business, but that each clearly arises from a lawfully imposed tax. The State Income Tax Statute, enacted in 1935, preceded the coming into being of all of these new taxes except gross sales, but the time element is unimportant, because there can be deduction of only the taxes specified in the income tax statute regardless of other taxes whether theretofore or thereafter created by legislative enactment. It is interesting to note that by amendment of the State Income Tax law, Chapter 128, Acts 1939, provision is made for deduction of taxes such as are herein under discussion. But such deductions are there placed on the basis of taxes paid, and not on the ground of necessary business expenses.

If, as insisted by Christopher, there is hardship in requiring them to pay income tax on $14,390.85 which he has already been required to pay as taxes, the situation is one of the inevitable results arising from taxation. This case would seem to lend force to the often repeated statement that absolute equity in taxation is yet to be attained. But, whatever may be said along this line, such matters remain necessarily and exclusively within the legislative province, if no organic law be violated.

Herein, however, the taxpayer does invoke organic law, namely, the requirement of the state constitution that the object of an act shall be stated in its title. Constitution of West Virginia, Art. VI, Sec. 30. He takes the position that the tax commissioner's construction of the state income tax law makes of it a tax on gross incomes rather than a net income tax, as declared in the title of the income tax act. Chapter 89, Acts of 1935. To this the reply must be made that for taxation purposes a net income is gross income less such allowances in the form of deductions or otherwise as the lawmaking power specifically authorizes.

The taxpayer also draws into consideration the constitutional requirement of "equal and uniform" taxation. Constitution of West Virginia, Art. X, Sec. 1. That provision means merely that as to classes of property, businesses or incomes there shall be uniformity of taxation. "A tax upon all business of the same class, which is uniform as to that kind of business, is not unconstitutional." *Charleston & S. Bridge Co.* v. *County Court,* 41 W. Va. 658, 24 S. E. 1002.

For the reasons above set forth we are of opinion that Frank Christopher is not entitled to deduct from his 1937 income tax return any of the four items above discussed; consequently, that his petition filed in the circuit court does not present sufficient cause for relief from the tax commissioner's deficiency assessment, and that the demurrer to the petition must be sustained and the same dismissed out of court.

671

The order of the circuit court is reversed, the demurrer is sustained and the cause dismissed.

*Reversed; demurrer sustained; cause dismissed.*